# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv147

| | |
|---|---|
| ANDY LEE WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| GOVERNOR BEVERLY E. PERDUE, | ) |
| etal. etseq; and NORTH CAROLINA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court initial review of plaintiff's *pro se* Complaint (#1) fled pursuant to 42 U.S.C. § 1983. Plaintiff appears to be a former inmate who was housed in the North Carolina Department of Correction. In his Complaint, plaintiff does not allege any claim for violation of any federally recognized right, but, instead, appears to seek information from state authorities concerning implementation of a tobacco-free policy in the state's prison system as well as other information concerning the state prison system.

**Section 1915 Review**[1]

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded

---

[1] The court has not conducted such review under Section 1915A as it appears that plaintiff is no longer incarcerated according to the NCDOC website. See http://webapps6.doc.state. nc.us/opi/viewoffender.do?method=view&offenderID=0454049 &searchLastName=Wright&searchFirstName=Andrew&listurl=pagelistoffendersearchresults&listpage=1

allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

In this Complaint, plaintiff appears to be seeking information from the State of North Carolina concerning implementation of a tobacco-free policy in its prison system, policies concerning the sale of alcohol within the prisons, and the number of male and female inmates in the system, as well as other information. Plaintiff has not alleged that he was denied access to any public information based on his previous status of being an inmate. See Giarratano v. Johnson, 521 F.3d 298 (4th Cir. 2008). Instead, it appears that plaintiff, as a non-incarcerated individual, is attempting to have this court compel the state to provide him with information which may or may not be its possession and which may or may not be obtainable under North Carolina's Freedom of Information Act.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id.,at 327–28. Section 1915(e)(2)(B) directs dismissal of this Complaint, and while the court understands its obligation to liberally read a pro se Complaint, Erickson v. Pardus, 551 U.S.

89 (2007), the allegations are insufficient to state a claim under Section 1983. Specifically, plaintiff's state law FOIA claim is not cognizable under section 1983 because it implicates only state law. Walker v. Reed, 104 F.3d 156, 157 (8th Cir.1997) (to state cognizable claim under § 1983, plaintiff must allege defendant, acting under color of state law, deprived plaintiff of right, privilege, or immunity secured by constitution or laws of United States). To the extent plaintiff may be alleging that the failure to produce such documents violates the federal FOIA, "it is beyond question that [the federal] FOIA applies only to federal and not to state agencies." Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir.1999).

Having carefully considered the Complaint in accordance with 28, United States Code, Section 1915(e)(2)(B)(i) and (ii), the court determines that plaintiff's Complaint is frivolous and that he has not presented a claim that could survive consideration under Rule 12(b)(6), Federal Rules of Civil Procedure. The Complaint will be dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** with prejudice.

Signed: August 13, 2012

Max O. Cogburn Jr.
United States District Judge